DECISION AND JOURNAL ENTRY
Defendant Charles McDougal appeals his convictions in the Lorain County Court of Common Pleas on twelve counts of gross sexual imposition. We affirm.
On February 4, 1998, the Lorain County Grand Jury indicted Defendant on twelve counts of gross sexual imposition, in violation of former R.C. 2907.05(A)(3).[1] Defendant pleaded not guilty to the charges.
A jury trial was held on June 15 and 16, 1999. The State's main witness was Julie Neal, Defendant's niece, who was twenty-two years old at the time of trial. She testified that beginning when she was four years old, Defendant would frequently place his hands inside of her clothing and touch her vaginal area and her chest and that Defendant would compel her to touch him. She testified that this occurred approximately one hundred times until she was nine years old. Neal stated that Defendant touched her every year from 1981 to 1986, inclusive. She testified that she did not report Defendant's acts until many years later.
The State also presented the testimony of three other witnesses. Two other women (one of whom was Julie Neal's sister) testified that Defendant had sexually abused them when they were younger. These women stated that they also waited for several years before disclosing Defendant's acts. The State's final witness was a social worker who testified as to child victims who delay reporting sexual abuse. Defendant presented no testimony or witnesses.
After deliberating, the jury found Defendant guilty on all twelve counts. The trial court sentenced him accordingly to an aggregate prison term of twelve years, to be run concurrently with another prison term that Defendant was already serving. Defendant timely appealed.
Assignment of Error
 THE JUDGMENT OF CONVICTION OF TWELVE COUNTS OF GROSS SEXUAL IMPOSITION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW AND THE TRIAL COURT ERRED WHEN IT OVERRULED [DEFENDANT'S] MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.
 In his sole assignment of error, Defendant argues that the trial court should have granted his motion for acquittal under Crim.R. 29.[2] He contends that there was insufficient evidence of when the offenses took place. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216, citing State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. In making this determination, all evidence must be construed in a light most favorable to the State.Wolfe, 51 Ohio App.3d at 216.
Former R.C. 2907.05(A)(3) stated: "No person shall have sexual contact with another, not the spouse of the offender[,] * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of such person." Sexual contact includes the touching of the breast of a female or the pubic region or genitals of another "for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
"The precise date and time of the offense are not essential elements of that crime. Thus, a certain degree of inexactitude in averring the date of the offense is not per se impermissible or fatal to the prosecution." (Citations omitted; emphasis sic.)State v. Mundy (1994), 99 Ohio App.3d 275, 296. In the case at bar, the State was not required to prove the exact date of each offense, only that the offense occurred within the period of time found in the indictment. The State presented testimony of Julie Neal, who stated that Defendant touched her and compelled her to touch him approximately one hundred times between 1981 and 1986, inclusive. Neal also stated that the touching occurred in each one of those years. Viewing the evidence in a light most favorable to the State, we find that a reasonable trier of fact could conclude that Defendant committed the twelve acts of gross sexual imposition of which he was convicted in the time periods alleged in the indictment. Therefore, the trial court did not err by overruling Defendant's motion for acquittal.
Defendant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________________ LYNN C. SLABY
BAIRD, P.J., CARR, J., CONCURS.
[1] The indictment referenced the version of the statute in effect at the time of the incidents involved in this case. This provision is now R.C. 2907.05(A)(4).
[2] Defendant has confused the standard for sufficiency under Crim.R. 29 and the standard for manifest weight. These are distinct concepts, as this court previously stated in State v.McLemore (Apr. 19, 2000), Lorain App. No. 99CA007356, unreported, at 2-3. Because the arguments are limited to whether there was sufficient evidence, we will only discuss those issues.